## BEGGS v. MOORS.

### SAME v. FIRST NAT. BANK OF RICE LAKE, WIS.

#### Nos. 4871, 4879.

Circuit Court of Appeals, Seventh Circuit.
Jan. 31, 1933.

Howard J. Lowry, of Madison, Wis., for appellant.

Laurence S. Coe, of Rice Lake, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

the judge, concealing the fact, but it is his duty to disclose the transaction, that the bankruptcy court may determine the right."

Instead of making oath that the insurance policy had no cash value, the bankrupt should have made a full disclosure as to the conditions of the policy, its value, the fact of his loan and the investment of the proceeds, and have brought before the court by appropriate petition his claim for exemptions. His attempt to constitute himself the judge in his own case under all the facts disclosed by this record made it proper for the court to close against him the door of relief.

The judgments should be, and are, affirmed.

## UNIVERSAL CREDIT CO. v. FORTINBERRY.

### In re LIPSCOMB MOTOR CO.
### No. 6558.

Circuit Court of Appeals, Fifth Circuit.

Jan. 26, 1933.

Rehearing Denied Feb. 20, 1933.

WILKERSON, District Judge (after stating the facts as above).

We think that the District Court ruled correctly as to both matters covered by the appeals.

The salary came into the hands of the bankrupt and his attorneys after the filing of the petition in bankruptcy. It should have been turned over to the trustee, and the attorneys should have filed their petition to have their fees fixed. Their position that, having seized the money, the trustee should be required to file a petition to test the reasonableness of their fees is not tenable.

The record, in our opinion, sustains the refusal to grant a discharge. The case does not turn on the right of the bankrupt to exchange nonexempt property for exempt property. The question here is one of good faith. This court (In re Breitling, 133 F. 146, 148) said: "A discharge from one's debts is a privilege created by the bankruptcy act upon condition of a surrender to creditors of all the property of the bankrupt, except such as is exempted from execution by the law of his domicile. There must therefore be entire good faith upon the part of the bankrupt. He must surrender his property fully. He may not retain that which should go to his creditors. * * * If it be doubtful whether a specific item of property should go to creditors or be reserved by the bankrupt, it is not for him to constitute himself